**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30068 |
| Plaintiff - Appellee, | D.C. No. 1:11-cr-00120-JDS-1 |
| v. | |
| ALI DWAYNE KHAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted April 11, 2014[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and BEA, Circuit Judges.

Defendant-Appellant Ali Dwayne Khan appeals his convictions for

conspiracy to possess methamphetamine with intent to distribute; possession with

intent to distribute methamphetamine; and possession of firearms in furtherance of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a drug trafficking crime. Khan also appeals his sentence and the district court's refusal to award him a downward sentencing adjustment.

During Khan's trial, the admission of testimony regarding his prior conviction was error. Its erroneous admission is harmless if the "government provides a fair assurance that the error did not substantially sway the verdict." *United States v. Weiland*, 420 F.3d 1062, 1078 (9th Cir. 2005). Here, the jury watched a video of the drug transaction which pictured Khan and captured his words; it also heard extensive testimony about Khan's involvement in the drug transaction. We conclude that the reference to Khan's status as a felon did not substantially sway the verdict.

We review for clear error the district court's determination that Khan did not accept responsibility for purposes of a downward sentencing adjustment. *United States v. Cantrell*, 433 F.3d 1269, 1284 (9th Cir. 2006). Here, the district court did not commit clear error in refusing to award a downward adjustment for acceptance of responsibility after considering Khan's assault on a guard while in custody and his conviction on three counts to which he had pleaded not guilty. The substantive reasonableness of a sentence is reviewed for abuse of discretion. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The district court articulated its reasons for imposing Khan's sentence and these reasons are not

illogical, implausible, or without support in inferences that can be drawn from the record. *See id.*, n. 8. The district court did not abuse its discretion. We therefore affirm the district court.

**AFFIRMED.**